AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) |
| Deepak Raheja et al. | ) Case No. 1:19-cr-00559-SL |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Cellco Parnership DBA Verizon, Custodian of Records, 180 Washington Valley Road, Bedminster, NJ 07921
Fax: 888-667-0028

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Exhibit A. Production may be made directly to the issuing attorney indicated below. The requirement of a personal appearance is satisfied by the production of documents and objects listed in Exhibit A.

| Place: Steve Grimes, Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60610 | Date and Time: 04/16/2020 12:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: March 20, 2020



CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Frank Mazzucco
_____, who requests this subpoena, are:

Steve Grimes, Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60610

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:19-cr-00559-SL

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**
Cellco Partnership DBA Verizon
Subpoena Compliance
Fax: 888-667-0028

I. **INSTRUCTIONS AND DEFINITIONS**

1. Production of records pursuant to this subpoena is to be made in electronic/digital form if the records are stored in electronic/digital format.

2. All records of transactions should be extracted from your computer database to a data file common format for importing into Microsoft Access or Excel. Please provide record layouts describing all fields in the extracted database. Common formats include the following:

   a. Text Files (*.txt, *.csv, *.tab, *.asc) should use a standard method of delimiting data fields such as comma delimited, tab delimited, or fixed width (delimited text files are the preferred method, with a .csv file extension).

   b. Microsoft Access (*.mdb) dSase III, IV, or 5 (*.dbf)

   c. Microsoft Excel (*.xls)

3. "Records" shall mean all documents, electronically stored information, or objects, including but not limited to:

   a. Subscriber Information;

   b. Documentation listing all toll calls and/or long distance calls, including dates, number called or calling, and duration of call;

   c. Call detail reports;

   d. Direct connect call listing;

   e. Information concerning the cellular telephone equipment purchased or rented for use in connection with this account;

    f. Records of all text messages sent and received, including the date, time, phone number of the sender or recipient of the message, and whether a file was attached to the message;

**II. DOCUMENTS REQUESTED**

1. For the period of January 8, 2016 to February 7, 2016, all Records related to the phone number (440) 823-1515.

2. For the time period of February 1, 2011 to February 18, 2016, all Records related to the phone number (440) 829-0877.